UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
APR 29 2011
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

| | |
|---|---|
| DEBRA BOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| GENTIVA HEALTH SERVICE, INC. and ) | 1:11-cv-579 JMS -DML |
| ODYSSEY HEALTHCARE, INC., d/b/a ) | |
| VISTACARE U.S.A., INC., ) | |
| ) | |
| Defendantss. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Debra Bowers ("Bowers"), by counsel, brings this action against Defendants, Gentiva Health Service, Inc. and Odyssey Healthcare, Inc. d/b/a Vistacare U.S.A., Inc. ("Defendants") alleging violations and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 et. Seq.

### II. PARTIES

2. Bowers is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendants are a business entity which at all relevant times maintained offices and conducted business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 12117, and 28 U.S.C. §1331.

5. Defendants are "employers" as that term is defined by 42 U.S.C. § 12111(5)(A).

6. Bowers was an employee as that term is defined by 42 U.S.C. § 12102(c)(2).

7. Bowers is a qualified individual with a disability as that term is defined by 42 U.S.C. §12102(c)(2). At all relevant times, Bowers was a qualified individual with a disability, Defendants perceived Bowers as being disabled as defined by the ADA, and/or Bowers had a record of being disabled.

8. Bowers satisfied her obligation to exhaust her administrative remedies having timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful discrimination. Bowers received a notice of suit rights and files the instant matter within ninety (90) days of receipt thereof.

9. All events, transactions, and occurrences giving rise to this lawsuit arose within the geographical environs of the Southern District of Indiana. Thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Defendants hired Bowers in or about June 2004 as a full-time RN Case Manager. At all relevant times, Bowers met or exceeded Defendants' legitimate expectations of performance.

11. In March 2008, Odyssey Healthcare, Inc. purchased Vistacare USA, Inc.. In early 2011, Gentiva Health Service, Inc purchased Odyssey and became a successor in interest.

12. One or more of Defendants' agents were aware of Bowers' disability. Defendants briefly provided Bowers with an accommodation following extensive treatment for her physical impairment. Ultimately, however, Defendants decided to retract the accommodation offered to Bowers.

13. As a result of Defendants' decision to no longer accommodate Bowers, Bowers was forced to accept a PRN position.

14. Thereafter, Defendants had various openings for office work. Bowers applied for some of these positions but was denied any other opportunity. These positions included, but were not limited to, a Patient Care Manager position in November 2009. Defendants hired less qualified, non-disabled individual for these position.

15. On or about February 24, 2010, Defendants terminated Bowers' position. Defendants' articulated reason for its decision was that Bowers had failed to work the 12 hour minimum monthly requirement for PRNs.

16. Defendants do not have a written policy requiring PRNs to work a minimum of 12 hours per month. No such policy was ever communicated to Bowers.

17. Moreover, Defendants reduced Bowers' hours in February by not calling her in for a five-hour shift in triage. Additionally, Bowers had 4 days to meet the monthly hourly requirement if such concern had been communicated to her.

18. At the time of her discharge, Bowers had worked 6.5 hours in February.

19. Bowers was harmed by Defendants' unlawful conduct.

### V. CAUSES OF ACTION

#### DISABILITY DISCRIMINATION

20. Bowers hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint.

21. Defendants unlawfully discriminated against Bowers because she was disabled and/or Defendants regarded her as being disabled and/or Bowers had a record of being disabled.

22. Defendants discriminated against Bowers by failing to promote her, failing to provide her a reasonable accommodation, and terminating her employment.

23. Similarly-situated employees who were not disabled were treated more favorably in the terms, privileges, and conditions of their employment.

24. Defendants' actions were intentional, willful and in reckless disregard of Bowers' rights as established by the ADA.

25. Bowers suffered damages as a result of Defendants' unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Debra Bowers, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Payment to Bowers of all lost wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

2. Reinstate Bowers to the position that she would have enjoyed but for Defendants' unlawful actions; and/or payment to Bowers of front pay in lieu thereof;

3. Compensatory damages for Defendants' violation of the ADA.

4. Punitive damages for Defendants' violation of the ADA;

5. Payment to Bowers of pre- and post- judgment interest;

6. Payment to Bowers of all costs and attorneys fees incurred in this litigation; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLP

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 23551-49
Christopher S. Wolcott, Attorney No. 23259-32
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
cwolcott@bdlegal.com

Attorneys for Plaintiff, Debra Bowers

## **DEMAND FOR JURY TRIAL**

Plaintiff, Debra Bowers, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLP

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 23551-49
Christopher S. Wolcott, Attorney No. 23259-32
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
cwolcott@bdlegal.com

Attorneys for Plaintiff, Debra Bowers